NO. 07-08-0153-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 26, 2008
_____

MICHAEL GOFF, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY;

NO. 43,950-B; HONORABLE ROY T. SPARKMAN, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ON ABATEMENT AND REMAND**

Following an open plea of guilty, appellant, Michael Goff, was convicted of possession and transportation of chemicals with intent to manufacture a controlled substance. The trial court assessed punishment at 10 years incarceration in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed his notice of appeal. The clerk's record and reporter's record have been filed. Appellant's brief was due to be filed on July 30, 2008, but has not yet been filed. Further, no motion for extension of time has been filed.

By letter, dated August 6, 2008, this Court notified appellant's retained attorney of the failure and also explained that, if no response was received by August 18, 2008, the appeal would be abated pursuant to Rule 38.8(b) of the Texas Rules of Appellate Procedure. We have received no response and accordingly now abate the appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3). On remand, the trial court shall utilize whatever means necessary to determine the following:

1.  Whether appellant desires to prosecute the appeal;
2.  If so, whether appellant's counsel has abandoned the appeal;
3.  Whether appellant's present counsel, given her failure to file a brief, will pursue the appeal;
4.  If not, whether appellant is indigent and the appointment of new counsel is necessary.

Should it be determined that appellant does want to continue the appeal and is indigent and that new counsel should be appointed, the trial court shall appoint new counsel to represent appellant in this appeal. If new counsel is appointed, the name, address, telephone number, and state bar number of newly appointed counsel shall be included in an order appointing counsel, a copy of which shall be immediately forwarded to the Clerk of this Court. In any event, the trial court shall execute findings of fact and conclusions of law addressing the issues identified above. The trial court shall also execute any other orders that are necessary to address the aforementioned issues. The trial court's findings of fact and conclusions of law as well as any orders that it may issue shall be included in a supplemental clerk's record. A supplemental reporter's record

be prepared of any hearings held in this matter. The trial court shall file the supplemental clerk's record and any supplemental reporter's record with the Clerk of this Court by September 26, 2008.

It is so ordered.

Per Curiam

Do not publish.

3